2122-CC00688

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| BRET H. ROBINSON,<br>An individual<br><br>AND<br>KIMBERLY G. ROBINSON,<br>An individual,<br><br>      Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>   ***Serve registered agent:***<br>   CSC Lawyers Incorporating Service<br>    Co.<br>   221 Bolivar Street<br>   Jefferson City, MO 65101<br><br>AND<br>ILLINOIS NATIONAL INSURANCE<br>COMPANY (A member of American<br>International Group, Inc. (AIG)),<br>A foreign insurance company,<br>   ***Serve:***<br>   **Chlora Lindley-Myers**<br>   **Missouri Director of Insurance**<br>   **301 West High Street, Room 530**<br>   **Jefferson City, Missouri 65101**<br><br>      Defendants. | Case No.:<br><br>Division:<br><br><br><br>**JURY TRIAL DEMANDED** |

## **PETITION FOR DAMAGES**

COME NOW Plaintiffs BRET H. ROBINSON and KIMBERLY G. ROBINSON, his wife, (hereinafter "Plaintiffs"), and for their causes of action directed against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), and

1

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

Defendant ILLINOIS NATIONAL INSURANCE COMPANY (hereafter "Illinois National"), state and allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are now, and at all times relevant herein were, citizens and residents of St. Louis County, Missouri.

2. Defendant State Farm is a resident of the City of St. Louis, State of Missouri, having an agent and/or office for the transaction of its usual and customary business in the City of St. Louis, Missouri.

3. Defendant Illinois National is a foreign entity, having an agent and/or office for the transaction of its usual and customary business in the City of St. Louis, Missouri.

4. Venue is proper in this Court pursuant to 375.1806 RSMo.

5. On or about April 9, 2018, Plaintiff Bret H. Robinson was operating a rented motor vehicle at or near the intersection of W. Pierce Street & S. 24th Street in Milwaukee, WI.

6. At that place and time, Plaintiff Bret H. Robinson was stopped at a stop sign waiting to make a left turn onto S. 24th Street when a stolen vehicle driven by an unknown motorist traveling at a high rate of speed suddenly and violently collided with the rear and right side of the vehicle that Mr. Robinson was operating with such great force as to cause such vehicle to spin and collide with another vehicle which was parked.

7. The unknown motorist fled the scene and has never come forward, and neither he nor his vehicle have been identified, qualifying such driver as an uninsured motorist (hereafter, the "Uninsured Motorist") under the terms and conditions of the Missouri form insurance policy issued to Plaintiff Bret H. Robinson and his wife, Kimberly G. Robinson by Defendant State

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

Farm, as well as under the Missouri form insurance policy issued to R & S Metals, LLC, whose principal place of business is and was in the city of St. Louis, Missouri, with whom Plaintiff Bret H. Robinson was employed and was in Milwaukee, WI on behalf of at the time of the subject collision.

8. In colliding with the vehicle operated by Plaintiff Bret H. Robinson, the Uninsured Motorist was negligent in one or more of the following respects:

  a) Operated his vehicle while intoxicated and/or under the influence of alcohol and/or other controlled substances; and/or

  b) Operated his vehicle at an excessive rate of speed; and/or

  c) Failed to yield the right of way to Plaintiff; and/or

  d) Failed to keep a careful lookout; and/or

  e) Knew, or by the use of the highest degree of care could have known, of the reasonable likelihood of collision with Plaintiff Bret H. Robinson in time thereafter to have swerved, stopped or sounded a warning, but failed to do so; and/or

  f) Failed to stop at a stop sign in violation of applicable state and local statutes and ordinances.

9. In the alternative, a collision of the type described above does not normally happen, but for the negligence of the person in the position of the Uninsured Motorist as described above, and the Uninsured Motorist was at the time of the collision in exclusive control of the dangerous instrumentality of the vehicle operated by him.

10. As a direct and proximate result of the negligence described above on the part of the Uninsured Motorist, Plaintiff Bret H. Robinson sustained significant injuries, including a fracture of his left clavicle (leaving him with a permanent malalignment/deformity of his left clavicle and a left shoulder droop), pain, fatigue, limitation, and weakness in his left trapezius and deltoid muscles, diminished left shoulder strength and range of motion, fractures to nine (9) ribs, bruises, contusions and abrasions to his left arm and left clavicle, and to his left flank and his face, including but not limited to his right nasal bridge and right upper eyelid, as well as his posterior right abdominal area, and damage to his body as a whole, causing him great pain, suffering, fatigue, and limitations in strength and range of motion, as well as emotional distress, both in the past likely in the future, all of which has combined to cause, and will continue to cause him to be unable to perform activities of daily living and both work and leisure activities as he used to, and has caused him to suffer significant loss of sleep over an extended period of time, and has and will continue to diminish his quality of his life, all to his damage.

11. As a further direct and proximate result of such negligence on the part of the Uninsured Motorist, Plaintiff Bret H. Robinson has been required to undergo an extensive course of medical treatment and rehabilitation over a prolonged period of time, and may in the future require additional care and treatment, including but not limited to surgical repair of his malaligned left clavicle, all to his damage.

12. In addition, as a further direct and proximate result of such negligence on the part of the Uninsured Motorist, Plaintiff Bret H. Robinson was unable to attend work and/or work effectively for an extended period of time, causing him to lose earnings in excess of $150,000.00.

13. Further, as a direct and proximate result of the damages and injuries suffered by Plaintiff Bret H. Robinson as described above, Plaintiff Kimberly G. Robinson suffered significant loss of support, companionship, society, love, affection, conjugal fellowship, and martial services from Plaintiff Bret H. Robinson, all to her damage in an amount in excess of the sum of twenty-five thousand Dollars ($25,000.00).

## COUNT I - UNINSURED MOTORIST
## (BRET H. ROBINSON)

COMES NOW Plaintiff, Bret H. Robinson, by and through his undersigned attorney, and for Count I of his Petition for Damages against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), and Defendant ILLINOIS NATIONAL INSURANCE COMPANY (hereafter "Illinois National"), jointly and severally, states and alleges as follows:

14. Plaintiff realleges and incorporates herein by this reference, each and every allegation set for in paragraphs 1 through 13 above, and for this paragraph of Count I, the same as if more fully set forth herein.

15. At all times relevant herein, Plaintiff was an insured under the policy of insurance issued by Defendant State Farm as described above, including but not necessarily limited to Policy Number 282 7551-C23-25, and Plaintiff was also an insured under the policy of insurance issued by Defendant Illinois National as described above, including but not necessarily limited to policy number 06-CA—018528135-1, both of which policies were in full force and effect on April 9, 2018.

16. At the above date, time, and place, the unidentified Uninsured Motorist referenced above was an "uninsured motorist" as that term is defined in each of the above-referenced

policies of insurance issued by each of the Defendants.

17. Each of the policies of insurance issued by the defendants State Farm and Illinois National constitute contracts whereby each of said defendants assumed liabilities, duties, and obligations and made promises to pay claims for damages sustained by insureds under each such policy, including, Plaintiff Bret H. Robinson, in exchange for the holder of each policy's agreement to pay premiums as prescribed therein.

18. The holder of each such policy has fully paid all premiums and complied with all conditions precedent to each of the defendants obligations to pay claims to insureds under the uninsured motorist policies issued by each Defendant as described above.

19. Defendants and each of them have, after demand, failed and refused and continue to fail and refuse to honor and pay Plaintiff Bret H. Robinson's claims under the subject insurance policies for damages arising out of the incident described above, in breach of their respective obligations under such insurance agreements.

20. As a direct and proximate result of such breach on the part of defendants, Plaintiff Bret H. Robinson has sustained damages as described above.

WHEREFORE, Plaintiff prays that this Court make and enter judgment in favor of Plaintiff Brett H. Robinson and against Defendant State Farm Mutual Automobile Insurance Company and Defendant Illinois National Insurance Company, jointly and severally, in such amount in excess of $25,000.00 as is fair and reasonable to fully compensate Plaintiff for his damages as alleged herein, together with his costs incurred herein, and for any and all such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

## COUNT II – VEXATIOUS REFUSAL
### (BRET H. ROBINSON)

COMES NOW Plaintiff, Bret H. Robinson, by and through his undersigned attorney, and for Count II of his Petition against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), and Defendant ILLINOIS NATIONAL INSURANCE COMPANY (hereafter "Illinois National"), jointly and severally, states and alleges as follows:

21. Plaintiff restates and realleges all of those allegations contained in paragraphs 1 through 20 set forth herein above, and incorporates them herein by this reference.

22. The action set forth by Plaintiffs in Count I above is an action to recover the amount of loss due Plaintiff under policies of insurance according to the terms and conditions thereof.

23. Defendants and each of them have willfully failed and refused for a period exceeding thirty (30) days after due demand to pay Plaintiffs' uninsured motorist claims in full without reasonable cause or excuse.

24. Plaintiff, or the applicable policy holder as the case may be, has complied with all terms and conditions under the policies and has supplied all information requested by Defendants.

25. There are no credible bona fide disputes that Defendants each owe uninsured motorist coverage to Plaintiff under the policies.

26. Plaintiff is a citizen and resident of the State of Missouri and the policies was issued and/or delivered in the State of Missouri.

27. The Defendants' refusal to pay Plaintiff's losses and claims is vexatious.

28. Plaintiff is entitled to receive and is seeking the amount due under the policy for uninsured motorist coverage, interest thereon, as well as the statutory penalty and damages due to Plaintiff for defendants' vexatious refusal to pay together with Plaintiff's reasonable attorneys' fees incurred herein, all as provided under §375.296 RSMo and §375.420 RSMo.

WHEREFORE, Plaintiff prays that this Court make and enter judgment in favor of Plaintiff Brett H. Robinson and against Defendant State Farm Mutual Automobile Insurance Company and Defendant Illinois National Insurance Company, jointly and severally, requiring said defendants to pay Plaintiff's costs and expenses incurred herein, his reasonable attorneys' fees, pre-judgment interest, as well as the penalty provided for under §375.296 RSMo and §375.420 RSMo, and such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III - UNINSURED MOTORIST
### (LOSS OF CONSORTIUM-KIMBERLY G. ROBINSON)

COMES NOW Plaintiff, Kimberly G. Robinson, by and through his undersigned attorney, and for Count III of this Petition for Damages against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), and Defendant ILLINOIS NATIONAL INSURANCE COMPANY (hereafter "Illinois National"), jointly and severally, states and alleges as follows:

29. Plaintiff realleges and incorporates herein by this reference, each and every allegation set for in paragraphs 1 through 20 above, and for this paragraph of Count III hereof, the same as if more fully set forth herein.

30. At all times relevant herein, Plaintiff was an insured under the policy of insurance

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

issued by Defendant State Farm as described above, including but not necessarily limited to Policy Number 282 7551-C23-25, and Plaintiff was also an insured under the policy of insurance issued by Defendant Illinois National as described above, including but not necessarily limited to policy number 06-CA—018528135-1, both of which policies were in full force and effect on April 9, 2018.

31. At the above date, time, and place, the unidentified Uninsured Motorist referenced above was an "uninsured motorist" as that term is defined in each of the above-referenced policies of insurance issued by each of the Defendants.

32. Each of the policies of insurance issued by the defendants State Farm and Illinois National constitute contracts whereby each of said defendants assumed liabilities, duties, and obligations and made promises to pay claims for damages sustained by insureds under each such policy, including, Plaintiff Kimberly G. Robinson, in exchange for the holder of each policy's agreement to pay premiums as prescribed therein.

33. The holder of each such policy has fully paid all premiums and complied with all conditions precedent to each of the defendants obligations to pay claims to insureds under the uninsured motorist policies issued by each defendant as described above.

34. Defendants and each of them have, after demand, failed and refused and continue to fail and refuse to honor and pay Plaintiff Kimberly G. Robinson's claims under the subject insurance policies for damages arising out of the incident described above, in breach of their respective obligations under such insurance agreements.

35. As a direct and proximate result of such breach on the part of defendants, Plaintiff Kimberly G. Robinson has sustained damages as described above.

WHEREFORE, Plaintiff prays that this Court make and enter judgment in favor of Plaintiff Kimberly G. Robinson and against Defendant State Farm Mutual Automobile Insurance Company and Defendant Illinois National Insurance Company, jointly and severally, in such amount in excess of $25,000.00 as is fair and reasonable to fully compensate Plaintiff for her damages as alleged herein, together with her costs incurred herein, and for any and all such other and further relief as this Court deems just and proper.

### COUNT IV – VEXATIOUS REFUSAL
### (KIMBERLY G. ROBINSON)

COMES NOW Plaintiff, Kimberly G. Robinson, by and through her undersigned attorney, and for Count IV of this Petition against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), and Defendant ILLINOIS NATIONAL INSURANCE COMPANY (hereafter "Illinois National"), jointly and severally, states and alleges as follows:

36. Plaintiff restates and realleges all of those allegations contained in paragraphs 1 through 20 and 29 through 35 set forth herein above, and incorporates them herein by this reference.

37. The action set forth by Plaintiff in Count III above is an action to recover the amount of loss due Plaintiff under policies of insurance according to the terms and conditions thereof.

38. Defendants and each of them have willfully failed and refused for a period exceeding thirty (30) days after due demand to pay Plaintiff's uninsured motorist claims in full without reasonable cause or excuse.

39. Plaintiff, or the applicable policy holder as the case may be, has complied with all

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

terms and conditions under the policies and has supplied all information requested by defendants.

40. There are no credible bona fide disputes that defendants each owe uninsured motorist coverage to Plaintiff under the policies.

41. Plaintiff is a citizen and resident of the State of Missouri and the policies was issued and/or delivered in the State of Missouri.

42. The defendants' refusal to pay Plaintiff's losses and claims is vexatious.

43. Plaintiff is entitled to receive and is seeking the amount due under the policy for uninsured motorist coverage, interest thereon, as well as the statutory penalty and damages due to Plaintiff for Defendants' vexatious refusal to pay together with Plaintiff's reasonable attorneys' fees incurred herein, all as provided under §375.296 RSMo and §375.420 RSMo.

WHEREFORE, Plaintiff prays that this Court make and enter judgment in favor of Plaintiff Kimberly G. Robinson and against Defendant State Farm Mutual Automobile Insurance Company and Defendant Illinois National Insurance Company, jointly and severally, requiring said defendants to pay Plaintiff's costs and expenses incurred herein, her reasonable attorneys' fees, pre-judgment interest, as well as the penalty provided for under §375.296 RSMo and §375.420 RSMo, and such other and further relief as the Court deems just and proper under the circumstances.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

Electronically Filed - City of St. Louis - April 09, 2021 - 10:11 PM

Respectfully submitted,

KLAR, IZSAK & STENGER, L.L.C.

/s/ Michael H. Izsak

_____
MICHAEL H. IZSAK, #35977
JOANNA L. BYRNE #66989
Attorneys for Plaintiffs
1505 S. Big Bend Blvd.
St. Louis, Missouri 63117
(314) 863-1117
Fax: (314) 863-1118
mizsak@lawsaintlouis.com
jbyrne@lawsaintlouis.com



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| **Judge or Division:** MICHAEL FRANCIS STELZER | **Case Number:** 2122-CC00688 |
| **Plaintiff/Petitioner:** BRET H ROBINSON  vs. | **Plaintiff's/Petitioner's Attorney/Address** MICHAEL HOWARD IZSAK  1505 S BIG BEND BLVD  ST LOUIS, MO  63117 |
| **Defendant/Respondent:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | **Court Address:** CIVIL COURTS BUILDING  10 N TUCKER BLVD  SAINT LOUIS, MO  63101 |
| **Nature of Suit:** CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
**Alias:**
CSC LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

COLE COUNTY, MO

*COURT SEAL OF*
*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

April 12, 2021                                   _Thomas Kloeppinger_
_____                                    _____
Date                                             Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
In _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)   My commission expires: _____     _____
                                 Date              Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge                     $   10.00
Mileage                                    $_____ (_____ miles @ $._____ per mile)
**Total**                                  $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: MICHAEL FRANCIS STELZER | Case Number: 2122-CC00688 | |
|---|---|---|
| Plaintiff/Petitioner: BRET H ROBINSON vs. | Plaintiff's/Petitioner's Attorney/Address MICHAEL HOWARD IZSAK 1505 S BIG BEND BLVD ST LOUIS, MO 63117 | |
| Defendant/Respondent: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | |
| Nature of Suit: CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ILLINOIS NATIONAL INSURANCE COMPANY
Alias: A MEMBER OF AMERICAN INTERNATIONAL GROUP INC (AIG)
COLE COUNTY, MO

CHLORA LINDLEY MYERS
MISSOURI DIRECTOR OF INSURANCE
301 WEST HIGH STREET ROOM 530
JEFFERSON CITY, MO 65101

COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

April 12, 2021                              _Thomas Kloeppinger_
_____Date_____                            _____Clerk_____

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
In _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____    _____
                         Date                        Notary Public

**Sheriff's Fees, if applicable**
Summons             $_____
Non Est             $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage             $_____  (_____ miles @ $_____ per mile)
Total               $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-2286   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05; 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo